# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**GOLDEN VASQUEZ,**

　　　　**Plaintiff,**

**vs.**　　　　　　　　　　　　　**Case No.  4:16cv143-RH/CAS**

**MR. PRESTON WILLIAMS, et al.,**

　　　　**Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, filed a fourth amended civil rights complaint, ECF No. 33, on December 29, 2016.  The fourth amended complaint has been reviewed as required by 28 U.S.C. § 1915A to determine if the complaint alleges a plausible claim.  Although Plaintiff's allegations are still not presented in numbered paragraphs as required by Rule 10, her statement of facts has been reviewed.

Plaintiff names five Defendants, claiming they violated her Eighth Amendment rights when serving her food at the Gadsden Correctional Facility between November 2015 and January 2016.  ECF No. 33 at 6-10. Plaintiff contends that she was placed on a special therapeutic diet for

several health issues such as diabetes, hypertension, and high cholesterol. *Id.* at 6. Plaintiff alleges that Defendant Williams, the food service director, forced her to eat foods that contained fat, starch, and butter. *Id.* She alleges that on November 24, 2015, she was served fried chicken, pork, potatoes, and cake, and not offered an alternative food tray. *Id.* Plaintiff claims that food served to her on November 24, 2015, caused damage to her eye sight, kidneys, and heart. *Id.* at 7.

Plaintiff's fourth amended complaint continues to make conclusory allegations that improper food "such as rice with lots of butter, pork, sausage" and fried chicken was deliberately served to Plaintiff to "save the Department of Corrections money" at the expense of Plaintiff's health. ECF No. 33 at 7. Plaintiff does not, however, demonstrate with any specific statement of facts how persons outside of food service at the institution would have such knowledge or be involved in serving Plaintiff food. Plaintiff does not provide specific facts demonstrating who issued her a food pass or state when the pass was issued. Plaintiff also does not allege when any person in food service was provided the pass to make changes to the food served to Plaintiff.

In general, Plaintiff is challenging the quality of food served to her under the Eighth Amendment.  The Eighth Amendment[1] governs the conditions under which convicted prisoners are confined and the treatment they receive while in prison.  Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The United States Constitution does not require "comfortable prisons" with all the amenities, but it requires that prisons not be "inhumane."  Farrow v. West, 320 F.3d 1235, 1242 (11th Cir. 2003) (citing Farmer, 511 U.S. at 832, 114 S.Ct. at 1976).  The Eighth Amendment specifically prohibits cruel and unusual punishment, Farrow, 320 F.3d at 1242-43 (citing Helling v. McKinney, 509 U.S. 25, 31, 113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993), and conditions that "involve the wanton and unnecessary infliction of pain." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)).

A two-part analysis governs Eighth Amendment challenges to conditions of confinement.  Chandler, 379 F.3d at 1289.  "First, under the

---

[1] "In the prison context, three distinct Eighth Amendment claims are available to plaintiff inmates alleging cruel and unusual punishment, each of which requires a different showing to establish a constitutional violation."  Thomas v. Bryant, 614 F.3d 1288, 1303-04 (11th Cir. 2010).  This case raises a claim about the conditions of confinement, but not an excessive force claim or deliberate indifference to medical needs claim.

'objective component,' a prisoner must prove that the condition he

complains of is sufficiently serious to violate the Eighth Amendment."

Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156

(1992) (cited in Chandler, 379 F.3d at 1289).

> The challenged condition must be "extreme." *Id.,* at 9, 112
> S.Ct. at 1000.  While an inmate "need not await a tragic event"
> before seeking relief, *Helling v. McKinney*, 509 U.S. 25, 33, 113
> S.Ct. 2475, 2481, 125 L.Ed.2d 22 (1993), he must at the very
> least show that a condition of his confinement "pose[s] an
> unreasonable risk of serious damage to his future health" or
> safety, *id.,* at 35, 113 S.Ct. at 2481.  Moreover, the Eighth
> Amendment requires more than a scientific and statistical
> inquiry into the seriousness of the potential harm and the
> likelihood that such injury to health will actually be caused by
> exposure to [the challenged condition of confinement].  It also
> requires a court to assess whether society considers the risk
> that the prisoner complains of to be so grave that it violates
> contemporary standards of decency to expose anyone
> unwillingly to such a risk.  In other words, the prisoner must
> show that the risk of which he complains is not one that today's
> society chooses to tolerate.  *Id.,* at 36, 113 S.Ct. at 2482.

Chandler, 379 F.3d at 1289.  The second part of the analysis requires

prisoners to show that prison officials "acted with a sufficiently culpable

state of mind" regarding the condition at issue.  Hudson, 503 U.S. at 8, 112

S.Ct. at 999 (marks and citation omitted); 379 F.3d at 1289.  "The proper

standard is that of deliberate indifference."  Chandler, 379 F.3d at 1289

(citing Wilson v. Seiter, 501 U.S. 294, 303, 111 S.Ct. 2321, 2327, 115

L.Ed.2d 271 (1991)).

"[I]nmates must be provided nutritionally adequate food, 'prepared

and served under conditions which do not present an immediate danger to

the health and well being of the inmates who consume it.'"  Ruiz v.

Furnham, No. 4:10-CV-00275-MP-GRJ, 2010 WL 5289003, at *2 (N.D. Fla.

Dec. 16, 2010) (quoting Shrader v. White, 761 F.2d 975 (4th Cir. 1985)

(quoting Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir. 1980), *cert. denied*,

450 U.S. 1041 (1981)) and citing French v. Owens, 777 F.2d 1250, 1255

(7th Cir. 1985)).  While prison food need not be "tasty or aesthetically

pleasing," it must be "adequate to maintain health."  LeMaire v. Maass, 12

F.3d 1444, 1456 (9th Cir.1993) (finding inmate's allegations about the use

of Nutraloaf did not "rise to the threshold level of a deprivation that satisfies

*Wilson's* objective component") (citing Cunningham v. Jones, 567 F.2d

653, 659-60 (6th Cir. 1977)).  "Federal courts '[c]annot be concerned with a

prison menu to which prisoners believe they are entitled.  These involve

matters of internal prison administration.'"  Tunnel v. Robinson, 486

F.Supp. 1265, 1269 (W.D. Pa. 1980) (quoted in Ruiz, 2010 WL 5289003, at

*2).

Considering these guiding principles in evaluating Plaintiff's allegations, it is concluded that Plaintiff has not alleged facts demonstrating an "extreme" condition sufficient to state an Eighth Amendment claim.  The limited period in which Plaintiff alleged she was served food such as fried chicken and pork and rice is not extreme.  It is also not plausible that Plaintiff's health suffered so drastically by having been served "fatty" food "for 7½ weeks with peanut butter, sugar, cake, [and] starch . . . ."  *Id.* at 7-8. The time period at issue here is limited, and the only specific date on which Plaintiff specifically alleges she was served improper food was November 24, 2016.  It does not violate contemporary standards of decency to expose anyone unwillingly to a risk of harm by serving them rice, fried chicken, and pork.  The fourth amended complaint does not allege a viable Eighth Amendment claim and further opportunities to submit additional amended complaints need not be provided.  It is recommended that this case be dismissed for failing to state an Eighth Amendment claim.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's fourth amended complaint, ECF No. 33, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that

the Order adopting this Report and Recommendation direct the Clerk of

Court to note on the docket that this cause was dismissed pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii).

IN CHAMBERS at Tallahassee, Florida, on March 27, 2017.


S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**